On thu Merits.
The opinion of the court was delivered by
Fenner, J.
Two cases of the same title were consolidated, tried together and disposed of in a single judgment.
The plaintiff alleges that he is owner of certain property by title dating from 1866; that, from the year 1875 to the year 1888, said property has been assessed in the names of Louis Fishel and of Joseph Holz, who were not owners thereof, and that said assessments are absolute nullities; that the State and city taxes due by said property from 1870 to 1883, both inclusive, have been paid by plain tiff, but that, notwithstanding said payment, the said taxes or a large part of them stand of record in the mortgage office, and on the books of the State and city, operating a cloud on his title.
The State Tax Collector and City Treasurer having advertised the property for sale for the State taxes of 1880, 1881, 1882 and 1888, and for the city taxes of 1886 and j.887, plaintiff applied for an injunction restraining the same. He prayed for perpetuation of the injunction and for judgment decreeing the nullitjr of the assessments attacked and the cancellations of the inscriptions.
It appears that plaintiff became delinquent for the taxes of 1873, and the Tax Collector advertised the property for sale in January, 1875. Plaintiff called upon him and tendered him a check for the amount of the tax, which the collector refused to receive, claiming additional costs and penalties. Plaintiff then obtained a letter from the Attorney General directing the Tax Collector to suspend the sale, which plaintiff says the latter agreed to do. Nevertheless, through oversight, or for other reason, he permitted the sale to proceed, and on February 11, 1875, the property was adjudicated to the State, und.r Act 47 of 1873. Subsequently, on October 8, 1875, the the State sold the same to Louis Fishel under Act 105 of 1874 *1126 Under this last act six months were allowed to the former owner to redeem, ■ at the expiration of which time without redemption, the Auditor was to execute a deed with full and complete title.
The Tax Collector’s deed was duly recorded, but, before the expiration of the delay for redemption, plaintiff brought suit to enjoin the Auditor and Fishel from further proceedings. This suit was decided adversely to plaintiff, and his injunction was dissolved. •
In May, 1879, Palmer effecteda settlement with Fishel, by which, in consideration of $200, the latter renounced and abandoned his claim to the property, but this deed was never recorded.
After the record of the Tax Collector’s deed to Fishel, the property was thereafter assessed in the name of Fishel from 1876 to 1884.
Fishel having failed to pay the taxes of 1881, 1882 and 1888, the property was advertised therefor and adjudicated to the State in November, 1888. In December, 1888, plaintiff called at the State Tax Collector’s office and claimed that the back taxes had been paid; put, nevertheless, to avoid another sale of the property, he paid the collector the sum of $860, amount claimed by him.
He does not appear, however, to have obtained any receipt or certificate of redemption or other final tax settlement.
There also remained due taxes for 1876 and 1878, and under Act 82 of 1884 the property was advertised and adjudicated to Joseph Holz on June 4, 1885, and thereafter the property was assessed in his name.
Litigation then ensued between Palmer and Holz as to the validity of the latter’s tax title, and in December, 1887, final judgment was rendered decreeing the nullity of Holz’s title. Then followed the 'present suits. No question of title is involved in the case; that was finally settled by the compromise with Fishel and the judgment against Holz. But neither the State nor city was a party to the latter judgment or had notice express or ^implied of the unrecorded settlement between Palmer and Fishel. In the litigation between these two last named parties, to which the State was a party through its Auditor, the decision was in favor of Fishel’s title.
The grounds of the relief sought by Palmer are twofold: 1. That the assessments are null for the years from 1875 to 1888 because made in the names of Fishel and Holz, who were not owners. 2. *1127 'That the taxes under said assessments for the years from 1875 to 18,83 have been duly paid by him.
The inconsistency between those two grounds is glaring. 'The plea ■of payment is universally held to be an admission that the debt had •once existed. Moreover, the act of payment indicates a recognition .and adoption of the mode of assessment, which is held to bar subsequent question thereof. Carter vs. City, 33 An. 816; Lane vs. March, Id., 554; Ins. Co. vs. Levi, 42 An. 432.
We are not prepared to hold, independently of this, that the ■assessments could have been treated .as nullities. The judge a quo held them to be so because the sale to Fishel was made in violation ■of Act 7, Ex. Sess. of 1875, which extended payment of delinquent taxes to December 1, 1875, and therefore impliedly prohibited sales for delinquent taxes between the passage of the act and the date fixed. But the judge failed to consider the fact that the sale to Fishel was not a sale for delinquent taxes within the meaning of the Act of 1875.
That sale for delinquent taxes had been made prior to the passage •of the act, and the property had been adjudicated to the State. The sale to Fishel was a sale of property belonging to the State, made under Act 105 of 1874, and we think it was not covered by the Act of 1875. In all the cases quoted by the judge a quo in which the nullity of sales, made in violation of the act, was pronounced by this •court, it will be seen that the sale had been made for the taxes during the prohibited period.
Plaintiff can not complain that, after the sale to Fishel, which was •duly recorded, the property was assessed in the name of Fishel. 'The State was the guarantor of that title, and the Assessors were bound to respect it. It was spread upon the public records as evidencing the existing title, and the Assessors were not bound to go behind it. ' Still less can plaintiff complain that the Auditor’s confirmatory deed was not passed, since he himself enjoined the Auditor from passing the same and placed the validity of Fishel’s title at issue in a suit which was finally decided against him.
When he compromised with Fishel and obtained his quit claim •deed, he might have set his title right by recording the same; but he neglected to do so, and failed to give any notice thereof to the Assessors. He has himself to blame if the Assessors continued the •assessment in the name of Fishel, who stood as the recorded owner.
*1128 The same principles apply to the assessments in the name of Hola after the sale to him for the taxes assessed in the name of Fishel.
Neither the State, the city nor the Assessors were parties to the litigation between Holz and plaintiff, and they are not bound thereby. Admitting that all persons were affected with notice of suits affecting title to immovable property, the Assessors were not bound to anticipate the decision of such cases and to change the assessment from the name o.f the apparent recorded owner to that of the adverse claimant.
On all grounds, of which, however, the plea of payment might have been sufficient, the attack upon the assessments of this property in the names of Fishel and Holz must fail.
In considering plaintiff’s plea of payment, we are struck by the looseness of his procedings and the insufficiency of his evidence. He-produces no tax receipts except that for the city tax of 1876, which no one contests. He does not even swear that he ever had such receipts and has lost them. He traces no payment into the hands-of the taxing authorities except the sum of $360 which he paid to the State Tax Collector in December, 1883. For that payment he took no tax receipts; and it does not seem to have been imputed to any particular taxes. He says he simply handed it to the Tax Collector’s, clerk in settlement for what'the clerk stated was due. Plaintiff is a business man and understands the irregularity of such proceedings. He is undoubtedly entitled to a credit for that amount on the taxes-due to the State on the property at that date, but we are not able to-decree the extinguishment, of any particular taxes.
His evidence as to the payment of city taxes is entirely insufficient,' except as to the tax of 1876, which is not in dispute. He proves-that he gave checks to certain brokers to pay taxes; but there is not a word of evidence to show that the brokers ever paid anything to the city. The records of the city show no such payment. The tax bills remain in the city’s hands. No tax receipts are produced. The brokers have not testified, and the plaintiff proves nothing except that he gave the checks to the brokers. Manifestly, such evidence-can not establish payment.
The only relief to which plaintiff is entitled is to have the sum of $360 applied as a partial payment on the taxes due to the State on the property in December, 1883.
*1129 It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now adjudged and decreed that the demands of plaintiff be rejected except so far as to decree that he is entitled to a credit of $360 on the taxes due on the property to the State in December, 1883; and that the injunction be dissolved, plaintiff to pay the costs of this appeal.